

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00153-CR

BLAKE WASHINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 331st District Court
Travis County, Texas
Trial Court No. D-1-DC-21-300845, Honorable Chantal Eldridge, Presiding

April 25, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In an alley off Austin's Sixth Street during the evening of May 2, 2021, Appellant, a homeless man, shot Christopher Bowser in the back of the head with a .25 caliber handgun.[1]  Bowser died the next day.  The shooting was recorded on video by the City

---

[1] Appellant does not challenge the sufficiency of the evidence supporting the jury's verdict.

of Austin's High Activity Location Observation (HALO) cameras, which police used to locate Appellant. Appellant was taken into custody and detained.

At trial, a jury acquitted Appellant of murder but convicted him of the lesser-included offense of manslaughter. Appellant was sentenced to fifteen years of confinement.[2] On appeal,[3] Appellant asserts (1) his sentence is disproportionate to the crime with which he was convicted, and (2) the trial court erred by excluding evidence of violent acts committed by Bowser against John Wright and others that Appellant contends is relevant to self-defense. For the reasons discussed below, we affirm.

**Analysis**

Issue One: Length of Sentence

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, no excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. AMEND. VIII; *see Robinson v. California*, 370 U.S. 660, 675, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962); *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Appellant's sentence of fifteen years is within the statutory range for manslaughter, a second-degree felony.[4]

---

[2] *See* TEX. PENAL CODE ANN. § 19.04(a), (b) (a second-degree felony). A second-degree felony is punishable by a term of imprisonment of not more than 20 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33.

[3] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T. CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[4] *See* TEX. PENAL CODE ANN. § 19.04(a), (b). A second-degree felony is punishable by a term of imprisonment of not more than 20 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33.

To preserve a complaint that a sentence is unconstitutionally disproportionate to the committed offense, the appellant must make a timely, specific objection to the trial court. The Third Court of Appeals, whose authority we must follow as a transferee court,[5] described the requirement as follows:

> A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. A defendant may raise a sentencing issue in a motion for new trial for the first time only if the defendant did not have the opportunity to object in the punishment hearing. Failure to complain about an allegedly disproportionate sentence in the trial court forfeits the error on appeal.
>
> Here, [appellant] failed to present any complaint about his sentence—that his sentence was disproportionate to the seriousness of his offense or violative of the United States or Texas Constitutions—to the district court during the punishment hearing. [Appellant] does not contend, and the record does not indicate, that he lacked the opportunity to raise such objections to his sentence when it was pronounced during the punishment hearing. Thus, we conclude that [appellant] failed to preserve his first and second issues for our review.

*Rumsey v. State*, No. 03-21-00211-CR, 2022 Tex. App. LEXIS 5945, at *3–4 (Tex. App.—Austin 2022, pet. ref'd) (cleaned up; bracketed material added).

As was the case in *Rumsey*, the Appellant here also failed to present any complaint about the disproportionality of his offense during the punishment hearing or pronouncement of sentence. He was given an opportunity to raise any objections after the trial court pronounced his sentence. The trial court asked the attorneys whether they had anything further; both sides answered, "No, Your Honor." Accordingly, we conclude that this issue was not preserved for our review. *Id.*; *Shaw v. State*, No. 03-19-00435-

---

[5] *See Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022) ("Transferee courts must follow whatever law binds the transferor court . . .").

CR, 2020 Tex. App. LEXIS 6402, at *3–4 (Tex. App.—Austin Aug. 13, 2020, no pet.) (mem. op., not designated for publication). *See* TEX. R. APP. P. 33.1(a). We overrule Appellant's first issue.

Issue Two: Exclusion of Testimony

In his second issue, Appellant contends the trial court abused its discretion by preventing Johnny Lee Wright from testifying about assaultive conduct committed by Bowser against the witness or a third party.[6] We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A judge's ruling on admission or exclusion of testimony will not be reversed unless that ruling falls outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

In cases like the one presented here, defendants may be permitted to present evidence regarding the victim's character for violence or aggression for two purposes: (1) to show the "reasonableness of defendant's claim of apprehension of danger" from the victim;[7] and (2) to demonstrate that the victim was in fact the first aggressor.[8] *Ex parte Miller*, 330 S.W.3d 610, 618-19 (Tex. Crim. App. 2009). Here, the trial court allowed Wright to testify about instances of Bowser assaulting Appellant, of Bowser's reputation

---

[6] The court, however, indicated it would permit Wright's testimony "if or when the defendant testifies that he had knowledge of those other assaults for purposes of his state of mind for self-defense."

[7] "Here, the defendant is not trying to prove that the victim actually is violent; rather, he is proving his own self-defensive state of mind and the reasonableness of that state of mind." *Ex parte Miller*, 330 S.W.3d 610, 619 (Tex. Crim. App. 2009).

[8] "The chain of logic is as follows: a witness testifies that the victim made an aggressive move against the defendant; another witness then testifies about the victim's character for violence, but he may do so only through reputation and opinion testimony under [Texas Rule of Evidence] Rule 405(a)." *Id.*

regarding aggression and violence, and to describe how he observed Bowser behave while under the influence of narcotics.

Appellant candidly admits that most of the substance of Wright's excluded testimony was otherwise admitted. For example, in addition to Wright's testimony that Bowser "assaulted" him and was "aggressive and violent towards" him, Wright testified he has personally witnessed Bowser being violent and aggressive towards Washington and others, while under the influence of a foreign substance. Wright also testified Bowser "mess[ed] with" other people's property.

Moreover, testimony from Appellant, David Taylor,[9] and David Courtney[10] further elaborated on Bowser's unprovoked aggression toward Appellant. Appellant testified about how weeks leading up to the shooting, Bowser coldcocked him "out of the blue." He also broke Appellant's toe using a skateboard and hit him in the back of the head on other occasions. Bowser twice attempted to take Appellant's property; on one occasion, he took Appellant's speaker and broke it, saying, "That's how I'm gonna do your bitch ass." Appellant testified that when Bowser used illegal drugs, he would get sweaty and very aggressive. He said that on the night of the shooting, Bowser had removed his shirt, was sweating and acting aggressively. Appellant characterized Bowser's demeanor at the time as "a gesture of 'I'm fixin' to get physical with somebody.'"

---

[9] Taylor's testimony generally described some of the acts that Appellant told the jury. Bowser's unprovoked beatings and threats led him to believe that Bowser was going to hurt or kill Appellant.

[10] Courtney recounts that Bowser engaged in unprovoked physical violence a month or so before Appellant shot Bowser, and "constant[ly]" threatened Appellant by saying things like, "I'll get my gun and shoot you." He also testified that if he and Appellant saw Bowser, they would "go the other way just to avoid conflict."

5

Given the testimony by Courtney and Taylor, Appellant has failed to show that Wright's excluded testimony was necessary to show the reasonableness of his claim of apprehension of danger from Bowser or to demonstrate that Bowser was the first aggressor during the events that led to Appellant shooting him. Moreover, even if Appellant had known that Wright had been assaulted, the evidence would at best be cumulative of the testimony of Courtney and Taylor demonstrating Bowser's violent tendencies toward Appellant and others. We conclude that the trial court did not abuse its discretion in excluding Wright's proffered testimony. We overrule Appellant's second issue.

## Conclusion

The judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.